UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SILVIA JULIANO FORERO MUNOZ, individually and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL ACTION NO: |
| *Plaintiff,* | ) ) | Filed Electronically |
| v. | ) ) | |
| AU PAIR CARE, INC., INTRAX, INC. d/b/a AUPAIRCARE, MARCIE SCHNEIDER, and DOES 1–10, | ) ) ) ) | DATE: JANUARY 30, 2020<br><br>Removed from the Superior Court Middlesex County, Massachusetts, |
| *Defendants.* | ) | 2081CV00082 |

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1446, AND 1453**

Pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, the Defendants, Au Pair Care, Inc., Intrax, Inc. d/b/a AuPairCare (collectively "APC"), Marcie Schneider (Defendant Schneider) (together with APC the "Defendants"), and Does 1–10 (collectively the "Individual Doe Defendants"), hereby give notice of the removal of this civil action captioned *Silvia Juliano Forero Munoz, et al. v. Au Pair Care, Inc., et al.*, Case No. 2081CV00082, from the Superior Court of Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, APC and Defendant Schneider state as follows:

**I.   GROUNDS FOR REMOVAL—CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT ("CAFA") (28 U.S.C. § 1332(d))**

1. The Defendants remove the above-entitled state court action to this Court, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, because this action is subject to removal under CAFA

as a civil class action involving an amount in controversy exceeding five million dollars ($5,000,000), exclusive of interest and costs, whereby the number of members of the proposed plaintiff class exceeds 100, and at least one member of the plaintiff class is diverse from at least one defendant. *See* 28 U.S.C. § 1332(d) (providing that district courts have original jurisdiction over class actions where: (1) the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, § 1332(d)(2); (2) any member of a class of plaintiffs is a citizen of a State different from any defendant, § 1332(d)(2)(A); and (3) the number of members of all proposed plaintiff classes in the aggregate exceeds 100, § 1332(d)(5)).

II. **PLEADINGS, PROCESS, AND REQUIREMENTS FOR REMOVAL**

2. On or about January 9, 2020, the Plaintiff, Silvia Juliano Forero Munoz (hereinafter "Munoz" or "Plaintiff") commenced this civil action by filing a Class Action Complaint (hereinafter, "Complaint"), assigned Case Number 2081CV00082, in the Superior Court of Middlesex County, Commonwealth of Massachusetts (hereinafter, "State Court Action"), a court within this judicial district. The Complaint is attached hereto as **Exhibit 1**.

3. On or about January 9, 2020, the Plaintiff filed with the Superior Court of Middlesex County, Massachusetts, a Civil Action Cover Sheet, which provides that the Plaintiff was filing a Wage Act claim against the Defendants. The Civil Action Cover Sheet is attached hereto as **Exhibit 2.**

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days after the receipt by the Defendants, through service, the initial pleading setting forth the claim for relief upon which such action is based.

5. Removal of this action to the United States District Court for the District of Massachusetts is proper, because this case is pending in the Superior Court of Middlesex County, which is embraced within the District of Massachusetts. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

6. Written notice of the filing of this Notice of Removal will be given promptly to the Plaintiff and a copy of the Notice of Filing of Notice of Removal of Action will be filed with the Clerk of Superior Court of Middlesex County, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

### III.  THE REQUIREMENTS OF CAFA REMOVAL ARE MET

####   a.  There is Minimal Diversity of Citizenship

7. This action is between multistate parties satisfying the minimal diversity of citizenship requirement under CAFA. Minimal diversity of citizenship exists under CAFA in the following circumstances: (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a state; or (3) any member of a class of plaintiffs is a citizen of a state and any defendant is a foreign state or a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2). A corporation for purposes of CAFA removal is considered a citizen of any state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8. The State Court Action alleges that Munoz is a citizen and resident of Massachusetts. (Complaint ¶ 1.)

9. The State Court Action further alleges that Defendant Au Pair Care, Inc. is a California corporation with its principal place of business in San Francisco, California. (Complaint ¶ 2.)

10. The State Court Action alleges that Defendant Intrax, Inc. d/b/a AuPairCare is a corporate entity with its principal place of business in San Francisco, California, and that Intrax, Inc. and Au Pair Care, Inc. are affiliates, subsidiaries, and/or alter egos of one another. (Complaint at ¶ 3.)

11. The State Court Action alleges also that Defendant Marcia Schneider is Au Pair Care, Inc.'s President. (Complaint at ¶ 4.) Ms. Schneider is a resident of California.

12. The State Court Action alleges that Defendants Does 1–10 are Au Pair Care, Inc.'s treasurer and other officers with management of the company and liable for unpaid wages pursuant to M.G.L. c. 149, § 148, whose have not yet been identified. (Complaint at ¶ 5.)

13. Plaintiff brings her claim for relief on behalf of herself and the proposed class defined as follows: "former or current *au pairs* who were employed by APC to participate in the *au pair* program in Massachusetts." (Complaint at ¶ 46.)

14. Consequently, the Plaintiff seeks to limit class certification to members of a class containing only Massachusetts citizens.

15. APC is not organized under the laws of Massachusetts and does not maintain its principal place of business in Massachusetts. In fact, APC is a company registered and organized under the laws of California, with its principal place of business located in California.

16. The Individual Defendants are citizens of California. (*See* Ex. 2.)

17. Therefore, the Plaintiff and the proposed class is of a different citizenship than the Defendants, and minimal diversity exists, thereby satisfying the first requirement of 28 U.S.C. § 1332(d)(2) for CAFA removal.

   b. **The Amount in Controversy Exceeds $5,000,000**

18. Under 28 U.S.C. § 1332(d)(2), district courts have original jurisdiction over class actions where the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 503, n.1 (2014) (applying § 1446(c)(2) to CAFA case). If the amount in controversy is not facially apparent from the complaint, the court should then look to the notice of removal. *Id.* at 553 ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

19. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see, e.g.*, *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010) (district court had subject matter jurisdiction over class action brought on behalf of over 100 persons whose claims, in aggregate, exceeded $5 million, even though no single plaintiff's claim exceeded $75,000).

20. Here, removability of this action is supported based on the allegations and potential damages resulting from the causes of actions raised in the Complaint.

21. In her Complaint, the Plaintiff purports to assert a cause of action for violation of the Massachusetts Wage Law, Mass. Gen. Law ch. 149 § 148 and ch. 151 § 1A. (Complaint at ¶ 54.)

22. In her Complaint, the Plaintiff asserts that:

    a. "Plaintiff is a member of the Class." (Complaint at ¶ 47.)

    b. "The members of the Class are so numerous that individual joinder of all Class members if impracticable. On information and belief, the Class consists of approximately 500 *au pairs*. The precise number of Class members and their addresses are readily ascertained from APC's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice." (Complaint at ¶ 48.)

    c. "This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. Common questions of law and fact, include, but are not limited to, whether Defendants are the *au pairs'* employer and whether the *au pairs* are entitled to Massachusetts wages." (Complaint at ¶ 49.)

    d. "Plaintiff's claims are typical of the claims of the Class because she and the other members of the Class were engaged in the same APC program and engaged in the same type of *au pair* placement in Massachusetts." (Complaint at ¶ 50.)

    e. "Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Class she seeks to represent; she have

      [sic] retained counsel competent and experienced in class action litigation; and she intends to prosecute this action vigorously." (Complaint at ¶ 51.)

    f. "A class action is superior to any other available means for the fiar and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for the Class members to individually seek redress for Defendants' wrongful conduct. Even if the Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court." (Complaint at ¶ 52.)

23. The Civil Action Cover Sheet that the Plaintiff filed in this case contains a Statement of Damages Pursuant to Mass. Gen. Laws ch. 212, § 3A, within which the Plaintiff claims $10,000,000 in damages. (*See* Ex. 3.)

24. Moreover, the aggregate recovery sought by Plaintiff for herself and on behalf of the proposed Class would result in an amount in controversy exceeding $5,000,000.00, as described further below.

25. The Plaintiff alleges that "APC failed to pay Plaintiff and members of the Class wages and overtime wages to which they are entitled" in violation of the Massachusetts Wage Law. (Complaint at ¶¶ 55–56.)

26. The current minimum wage in Massachusetts is $12.75 per hour. *See* Mass. Gen. Law ch. 151, § 1. That equates to $510 per week for a 40-hour work week.

27. For hours worked in excess of 40 per week, Massachusetts law provides for a rate of pay one and one half times the normal rate of pay. *See* Mass. Gen Laws ch. 151, § 1A.

28. The Plaintiff alleges that "APC advertises to and informs host families that they can obtain up to 45 hours per week of childcare at a rate substantially less than Massachusetts minimum wage." (Complaint at ¶ 23.)

29. The Plaintiff alleges that *au pairs* were paid a weekly stipend of, at most, $195.75. (Complaint at ¶¶ 20, 24.)

30. The Plaintiff alleges also that Massachusetts passed a Domestic Workers' Bill of Rights ("DWBOR") in 2014, which provided certain protections to *au pairs*, such as entitlement to minimum wage and overtime laws. (Complaint at ¶¶ 26–27.)

31. The Plaintiff alleges that APC knew the DWBOR was in effect. (Complaint at ¶ 28.)

32. The Complaint alleges that the Plaintiff and Class Members are entitled to minimum and overtime wages in accordance with the Massachusetts Wage Law, as well as, *inter alia*, treble damages. (Complaint at ¶ 56.)

33. If the Court subtracts the $510 minimum wage rate from the alleged stipend of $195.75, it will arrive at a difference of $314.25 per week.

34. Therefore, if the Plaintiff sought to recover for 12 weeks of work, that would equal approximately $3,771.00.

35. If the Court awarded treble damages, the Plaintiff's recovery would be approximately $11,313.00.

36. When that amount is added to the entire class, the amount in controversy becomes $5,656,500 for just 12 weeks of work.

37. The Plaintiff also made a demand of $20,000 to resolve her claims. *See Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 323 (D. Mass. 2016) ("An initial settlement demand can be an 'other paper' if is it the first document that informs the defendant that the case is removable"); *see also Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) (noting that "[c]orrespondence from the plaintiff to the defendant concerning damages can constitute an 'other paper' for purposes of Section 1446(b)(3)," and "triggers the 30-day clock if it is the first document in which the plaintiff puts the defendant on notice that the criteria for removal are met.").

38. If that amount is applied to each Class Member, the amount in controversy becomes $10,000,000.

39. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1332(d) and 1453 because this action is subject to CAFA removal as a civil class action involving an amount in controversy exceeding five million dollars ($5,000,000), exclusive of interest and costs, whereby the number of members of the proposed plaintiff class exceeds 100 or more members and at least one member of the plaintiff class is diverse from at least one defendant. 28 U.S.C. § 1332(d).

40. The Defendants have complied with the applicable procedural requirements of 28 U.S.C. § 1446 and the Federal Rules of Civil Procedure.

41. Pursuant to Local Rule 81.1(a), Defendants will ensure that the state court record is filed with the Court.

42. In filing this Notice of Removal, the Defendants do not waive any objections that they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action.  Further, the Defendants intend no admissions of fact, liability or law by this Notice of Removal, and expressly reserve all applicable defenses, motions, right to arbitrate, and pleas.

43. For the reasons contained herein, this Court has jurisdiction of this action to its conclusion and final judgment, to the exclusion of any further proceedings in the Superior Court of Middlesex County, Massachusetts.

    Respectfully Submitted,

    DEFENDANTS,
    AU PAIR CARE, INC., INTRAX, INC.
    MARCIE SCHNEIDER, and DOES 1–10

    By:/s/ Nancy Kelly, Esq.
    Nancy Kelly, Esq. (Federal Bar No. 543972 )
    Gordon & Rees, LLP
    21 Custom House Street, 5th Floor
    Boston, MA 02110
    (857) 504-2023
    nkelly@grsm.com

Case 1:20-cv-10184   Document 1   Filed 01/30/20   Page 11 of 11

## CERTIFICATE OF SERVICE

      I hereby certify that on January 30, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, and have served same by depositing a copy thereof in a postpaid wrapper in a post office or official depository under the exclusive care and custody of the United States Post Office Department, properly addressed to the parties as follows:


Nicholas J. Rosenberg, Esq.
Josh Gardner, Esq.
GARDNER & ROSENBERG, P.C.
One State Street, Fourth Floor
Boston, MA 02109
nick@gardnerrosenberg.com


                                        /s/ Nancy Kelly, Esq.
                                        Nancy Kelly, Esq.